UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
                                              :

TRUSTEES OF THE NEW YORK CITY DISTRICT   :
COUNCIL OF CARPENTERS PENSION FUND,     :           20 Civ. 2828 (PAE)
WELFARE FUND, ANNUITY FUND, and          :
APPRENTICESHIP, JOURNEYMAN RETRAINING,   :        OPINION & ORDER
EDUCATIONAL AND INDUSTRY FUND;         :
TRUSTEES OF THE NEW YORK CITY            :
CARPENTERS RELIEF AND CHARITY FUND; the   :
CARPENTER CONTRACTOR ALLIANCE OF      :
METROPOLITAN NEW YORK; and the NEW YORK   :
CITY DISTRICT COUNCIL OF CARPENTERS,    :
                                              :
                         Petitioners,    :
                                              :
               -v-                    :
                                              :
H. INDUSTRIES UNION FURNITURE         :
INSTALLERS INC.,                        :
                                              :
                          Respondent.   :
                                              :
------------------------------------------------------------------------- X

PAUL A. ENGELMAYER, District Judge:

       Petitioners—the Trustees of the New York City District Council of Carpenters Pension

Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational

and Industry Fund (the "ERISA Funds"); Trustees of the New York City Carpenters Relief and

Charity Fund (the "Charity Fund"); the Carpenter Contractor Alliance of Metropolitan New York

("CAA Metro," and together, with the ERISA Funds and the Charity Fund, the "Funds"); and the

New York City District Council of Carpenters (the "Union")—seek confirmation of an

arbitration award issued against respondent H. Industries Union Furniture Installers Inc.

("H. Industries"). *See* Dkt. 1 ("Pet."), Ex. H. ("Award"). H. Industries is an employer bound by

a collective bargaining agreement between Building Contractors Association, Inc. ("BCA"), and

the Union.  *See* Pet. ¶¶ 9–13.  On April 6, 2020, petitioners commenced this action pursuant to

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.  For the

following reasons, the Court confirms the Award.

I.      **Background**[1]

      A.      **The Parties and Their Agreements**

The ERISA Funds are multiemployer labor-management trust funds organized and

maintained pursuant to ERISA.  Pet. ¶ 4.  The Charity Fund was established under the Internal

Revenue Code, 26 U.S.C. § 501(c)(3).  *Id.* ¶ 5.  CAA Metro is a not-for-profit corporation.  *Id.*

¶ 6.  The Union is a labor organization that represents employees working in an industry

affecting commerce as defined by Section 501 of the LMRA.  *Id.* ¶ 7.  H. Industries is an

"employer" in an industry affecting commerce and maintained this status at all times relevant to

this lawsuit.  *Id.* ¶ 8.

As a member of the BCA, H. Industries is bound to all agreements between the BCA and

the Union.  *Id.* ¶ 10.  On approximately May 15, 2013, the BCA executed a Building Construction

Agreement with the Union (the "2011–2015 Agreement").  *Id.* ¶¶ 11–12.  On June 25, 2015, the

BCA executed a Memorandum of Agreement with the Union to extend the 2011–2015 Agreement

to June 30, 2016.  *Id.* ¶ 13.  Then, on approximately July 17, 2019, the BCA executed another

Building Construction Agreement with the Union (the "2017–2024 Agreement," and together

with the 2011–2015 Agreement, the "Agreements.").  *Id.* ¶ 14.  The Agreements became

effective for H. Industries as of September 8, 2017.  Award at 2.  Article XVI, Sections 1–3 of

the 2011–2015 Agreement, and Article XVII, Sections 1–3 of the 2017–2024 Agreement require

H. Industries to make contributions to the Funds for all work within the trade and geographical

---

[1] The following undisputed facts are derived from the Petition and the exhibits attached thereto.

jurisdiction of the Union, Pet. ¶ 16; to furnish books and payroll records when requested by the

Funds for the purpose of conducting an audit to ensure compliance with required benefit fund

contributions, *id*. ¶ 17; and to adhere to the policies and regulations adopted by the Funds, *id*.

¶ 18.  The Agreements also provide that in the event "any dispute or disagreement arise[s]

between the parties hereto . . . concerning any claim arising from payments to the Fund of

principal and/or interest which is allegedly due, either party may seek arbitration of the dispute

before the impartial arbitrator."  *Id.* ¶ 21.

As a participating employer with the Funds, H. Industries was also bound under the

Agreements to the terms of a Revised Statement of Policy for Collection of Employer

Contributions (the "Collection Policy").  *Id*. ¶ 19.  In the event of legal action, the Collection

Policy provides that:

> the Funds shall be entitled to collect, in addition to the delinquent contributions:
> (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%;
> (2) an amount equal to the greater of (a) the amount of the interest charges on the
> unpaid contributions or (b) liquidated damages in the amount of 20% of the
> unpaid contributions; and (3) reasonable attorneys' fees and costs incurred by the
> Funds in collecting the delinquencies.

*Id*. ¶ 23.

B.      **The Arbitration Award**

Petitioners requested an audit of H. Industries' books and records for the period between

September 8, 2017 and November 25, 2019.  *See id*. ¶ 24; Award at 1, 3.  H. Industries failed to

provide its books and records and failed to remit all required contributions during that time,

prompting this dispute.  Pet. ¶ 25.  Petitioners initiated arbitration proceedings before arbitrator

Roger E. Maher, who sent notice of the scheduled hearing to H. Industries by regular and

certified mail.  *Id*. ¶ 27.  Despite being notified of the arbitration, H. Industries did not appear.

Award at 2.

Petitioners presented evidence of the audit they conducted and the associated delinquent contributions. *Id*. at 1–2. On November 25, 2019, arbitrator Maher issued the Award, finding that, based "[u]pon the substantial and credible evidence of the case as a whole," H. Industries owed the Funds the delinquent contributions. *Id*. Maher directed H. Industries to pay to the Funds a total of $131,240.94, comprising delinquent contributions, interest, liquidated damages, late payment interest, costs, and fees. *Id*. at 3.

### C.     This Action

On April 6, 2020, after H. Industries failed to comply fully with petitioners' demand for the Award amount, petitioners filed this action seeking to confirm the Award. Dkt. 1. On April 13, 2020, petitioners effected service, making the deadline for an answer May 4, 2020. Dkt. 7. H. Industries has not formally opposed the Petition or otherwise filed any documents in this matter. On May 15, petitioners filed a letter asking the Court to deem the petition as unopposed. Dkt. 8.

## II.     Discussion

### A.     Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)). The Federal Arbitration Act provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citation and internal quotation marks omitted). In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

A motion to confirm an arbitral award against a party that has failed to oppose the motion is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014)

(citations omitted).  In determining whether there are genuine issues of material fact, the court is

"required to resolve all ambiguities and draw all permissible factual inferences in favor of the

party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236

(2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

"Even when a motion for summary judgment is unopposed, the district court is not

relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."

*Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v.*

*Foley*, 274 F.3d 677, 681 (2d Cir. 2001).  In reviewing an unopposed motion for confirmation of

an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission
> to determine if it has met its burden of demonstrating that no material issue of fact
> remains for trial.  If the evidence submitted in support of the summary judgment
> motion does not meet the movant's burden of production, then summary judgment
> must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the

arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to

confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best*

*Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing

9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

### B.    Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court

finds that summary judgment is warranted, as petitioners have shown there is no material issue of

fact in dispute.  The arbitrator acted within the scope of the authority granted him by the parties,

and found "substantial and credible evidence" that H. Industries was required to make certain

payments to the Funds, and that it failed to do so, as revealed by evidence submitted by

6

petitioners at the arbitration hearing.  Award at 2–3.  From this, the Court concludes that there is

at least a "barely colorable justification for the outcome reached," and, by all indications, a more

than colorable one.  *Landy Michaels Realty Corp.*, 954 F.2d at 797 (citation and internal

quotation marks omitted).  Accordingly, the Court confirms the Award in favor of petitioners, for

a total amount of $131,240.94.

### C.      Attorneys' Fees Associated with this Action

Independent of the fee component of arbitrator Maher's Award, petitioners also request

fees and costs incurred in bringing the instant Petition.  Pet. ¶¶ 34–41.  Petitioners have included

contemporaneous time sheets in support of their Petition.  *See* Pet., Ex. I.  Absent statutory

authority, however, the Court ordinarily may not grant an application for attorneys' fees.  *Trs. of*

*N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 005 (JMF),

2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012) (citing *Abondolo v. Jerry WWHS Co., Inc.*,

829 F. Supp. 2d 120, 130 (E.D.N.Y. 2011)) (parties not necessarily entitled to fees and costs

associated with bringing petition to confirm arbitration award for recovery of delinquent

contributions); *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stainless*

*Partners, Inc.*, No. 07 Civ. 3542 (CPS), 2007 WL 3232260, at *3 n.4 (E.D.N.Y. Oct. 31, 2007)

(denying request for attorneys' fees where petitioners failed to submit any time records).  Section

301 of the LMRA does not provide such authority.

In the absence of such authority, the Court may nonetheless award attorneys' fees under

its inherent equitable powers when opposing counsel acts in bad faith.  *See Dejil Sys.*,

2012 WL 3744802, at *4.  Petitioners, however, have not provided evidence upon which the

Court could find bad faith here.  Accordingly, the Court does not award fees and costs associated

with bringing the Petition.

### D.      Post-Judgment Interest

Petitioners also seek post-judgment interest.  Pet. ¶ 30.  Such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).  Awards of post-judgment interest under § 1961 are mandatory.  *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases).  An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."  9 U.S.C. § 13.  Accordingly, § 1961 applies to actions to confirm arbitral awards.  *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101–02 (2d Cir. 2004) (awarding post-judgment interest in arbitration case).  The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

### CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $131,240.94, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a).

The Court respectfully requests that the Clerk of Court close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 29, 2020
       New York, New York